Felipe Sanchez Montes

Reg. No. 13723-006

U.S.P. VICTORVILLE

P. O. BOX 5500

ADELANTO, CA 92301

Acting Pro-se.

RECEIVED

FEB 2 0 2007

_____ COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | D.C. Nos.: CV-05-00055-HRH |
| | ) | CR-99-00036-14-HRH |
| Plaintiff, | ) | NOTICE OF MOTION AND PRO-SE |
| | ) | DEFENDANT'S MOTION FOR THE |
| v. | ) | ENTRY OF THE JUDGMENT IN A |
| | ) | SEPARATE DOCUMENT PURSUANT |
| FELIPE SANCHEZ MONTES, | ) | TO FED. R. CIV. P. 58(a)(d) |
| | ) | IN RESPECT TO ORDER DENYING |
| Defendant. | ) | 28 USC § 2255 MOTION |
| | ) | |

TO THE UNITED STATES OF AMERICA AND ITS REPRESENTATIVE, AUDREY RENSHEN, UNITED STATES DISTRICT ATTORNEY:

NOTICE IS HEREBY GIVEN that on any given date, as soon as it may be scheduled, in the court of the Honorable H. Russel Holland, United States District Judge, petitioner Felipe Sanchez Montes will move the court for an order to enter the

-1-

court's final judgement in a separate document pursuant to Fed. R. Civ. P. 58(a)(d), regarding the March 29, 2005, Court Order, denying petitioner's 28 U.S.C. § 2255 motion.

## STATEMENT OF FACTS

On March 15, 2005, petitioner filed before this court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On March 29, 2005, the court issued an "Order" denying this motion; however, the court failed to enter a judgement in a separate document, as mandated by the Fed. R. Civ. P.

## STATEMENT OF THE LAW

A "judgement" is defined by Rule 54 of the Fed. R. Civ. P. as "'any order from which an appeal lies....' in other words, a final order." United States v. Martin, 226 F.3d 1042, 1048 (9th Cir. 2000).

Federal Rule of Civil Procedure 58(a)(1) provides in relevant part: "Every judgement and amended judgement must be set forth in a separate document...." Fed. R. Civ. P. 58 applies to § 2255 proceedings. United States v. Johnson, 254 F.3d 279, 283, n.3 (D.C. Cir. 2001); citing United States v. Hogle, 197 U.S. App LEXIS 27054 (9th Cir. Sept. 22, 1997). This conclusion follow from a straightforward reading of the applicable rules, begining with Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, which states that "the time for appeal from an order entered an a [§2255 motion] is as provided by Rule 4(a) of

the Federal Rules of Appellate Procedure." A notice of appeal (when the United States is a party) must be filed within 60 days "after the judgement or order appealed from is entered." FRAP 4(a)(1)(B). And finally, FRAP 4(a)(7) states that a "judgement or order is entered in compliance with rules 58 and 79(a) of the Federal Rules of Civil Procedure." Hence, "in order to start the clock on a party's right to appeal, the district court must enter a judgement that complies with Rule 58." Johnson, supra at 283 (quoting United States v. Feuver, 236 F.3d 725, 727 (D.C. Cir. 2001)).

Here, the court did not enter a final judgement in a separate document in compliance with Federal Rules of Civil Procedure 58 and 79(a) in regard to petitioner's § 2255 motion. Petitioner desires to appeal the court's denial of the motion to the Court of Appeals for the Ninth Circuit. Accordingly, petitioner respectfully requests this Honorable court to issue and enter a final judgement on a separate document denying his § 2255 motion, in compliance with Rules 58 and 79(a), so that petitioner shall proper and timely file a notice of appeal and request for a COA to the Ninth Circuit.

Dated: February 21, 2005

Respectfully submitted

*Felipe Montes*
Felipe Sanchez Montes