IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FANNY MARGARITA PALACIOS-IBARRA, ) <br> et al., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> This Order Pertains to: ) <br> ) <br> FELIPE SANCHEZ MONTES [D-14] ) <br> _____) | No. 3:99-cr-0036-HRH |

O R D E R

Motion for Entry of Judgment[1]

Defendant Montes moves for the entry of judgment in connection with this court's dismissal of his March 2005 motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2]

The instant motion assumes that no final judgment was entered in connection with defendant's March 15, 2005, motion.

---

[1]   Docket No. 635.

[2]   Motion to Vacate, Set Aside, or Correct Sentence, dated March 15, 2005, and entered March 21, 2005, at Docket No. 591.

- 1 -

Defendant is wrong.  On the same day that the order of dismissal was entered as to the motion to vacate, the court approved and the clerk entered a judgment,[3] a copy of which is annexed to this order.  Mailing of the judgment to defendant is noted at the bottom left corner of the judgment.

Because the court has already entered the judgment which the instant motion requests, the motion is denied.

In fact, there is more to the story than the foregoing reflects.  On April 11, 2005, defendant filed a further motion to alter or amend judgment,[4] in which he in fact challenged the judgment that he now appears to believe was never entered.  By minute order of April 22, 2005, the court denied this second motion to vacate,[5] explaining that defendant was under a mistaken belief that the failure of counsel to perfect an appeal indefinitely tolled the one-year limitation period under Section 2255 proceedings.  Defendant sought a certificate of appealability,[6] but the court had in anticipation of that request already denied such certification.[7]  Thereafter, defendant sought a certificate of

---

[3]   Docket No. 595.

[4]   Docket No. 601.  In this motion, defendant expressly moved the "Court to Alter or Amend it's March 29, 2005, judgement, dismissing the petitioner's §2255 petition...."  <u>Id.</u> at 1.

[5]   Docket No. 602.

[6]   Docket No. 607.

[7]   Order (re certificate of appealability) (June 23, 2005), Docket No. 606.

appealability from the Ninth Circuit Court, which was denied on August 22, 2005.[8]

It is apparent to the court from defendant's most recent motion for entry of judgment that he is now thinking about an appeal from the court's order and judgment of March 29, 2005. Anticipating that defendant will seek to employ this order as a basis for an appeal, a certificate of appealability is denied. The time for appealing from this court's order and judgment of March 29, 2005, has long since passed. Fed. R. App. P. 4(b)(1)(A). Moreover, and as to the merits of defendant's first motion to vacate, the court is of the view that no reasonable jurist would take a view of the original motion to vacate different from that stated by this court in its order of March 29, 2005. Defendant's initial motion to vacate was, beyond any question, time-barred when it was filed.

DATED at Anchorage, Alaska, this <u>28th</u> day of February, 2007.

/s/ H. Russel Holland
United States District Judge

---

[8] Docket No. 616.