IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
                      Plaintiff, )
)
  vs. )
)
FANNY MARGARITA PALACIOS-IBARRA, )
et al., )
)
                      Defendants. )
_____)
)   No. 3:99-cr-0036-HRH
This Order Pertains to: )
)
FELIPE SANCHEZ MONTES [D-14] )
_____)

O R D E R

Motion for Reduction of Sentence[1]

    Defendant Montes moves pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence. The court addresses this motion sua sponte for the reason that it is entirely clear that defendant is not entitled to the relief he seeks.

    Previously, defendant requested the appointment of counsel to assist him in filing a motion for correction of sentence "under the revised sentencing commission guidelines."[2] The court denied that application, explaining to the defendant that because he was

---

    [1]Docket No. 677.

    [2]Docket No. 667.

- 1 -

sentenced in connection with transactions in powder cocaine (not crack cocaine or cocaine base), the new guidelines applicable to crack cocaine would not entitle him to any relief.

Nevertheless, defendant Montes has now moved for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which has express application to those cases where a defendant "has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994o...." Effective November 1, 2007, the guidelines pertaining to possession of cocaine base were indeed changed and lowered; and, effective March 3, 2008, those changes were made retroactive.

Defendant was charged with a conspiracy to traffic in cocaine. The indictment expressly charged possession of "cocaine and crack cocaine (cocaine base)."[3] However, the presentence report prepared as to defendant Montes makes no reference to crack or cocaine base.[4] The presentence report writer and the court concluded that defendant was responsible for a total of 29.9 kilograms of cocaine. At the time of the conspiracy in question, as well as today, a person such as defendant who is responsible for almost 30 kilograms of cocaine falls in the range of 15 to 50 kilograms and thus an offense level of 34. U.S.S.G. § 2D1.1(c)(3) (1998 & 2007). At the

---

[3]Second Superseding Indictment at 3, Docket No. 125.

[4]See, in particular, Presentence Report at 3, ¶ 14, which particularizes the transactions in cocaine attributable to defendant Montes.

time of defendant's offense, had he been convicted of trafficking in as little as 1.5 kilograms of cocaine base, his offense level would have been 38. Thus it is entirely clear that the amended guidelines with respect to crack cocaine have no application whatever to defendant Montes. Because the guidelines applicable to defendant Montes' offense have not been changed downward, he is entitled to no relief under 18 U.S.C. § 3582(c)(2). The motion for reduction of sentence is denied.

DATED at Anchorage, Alaska, this <u>1st</u> day of April, 2008.

/s/ H. Russel Holland
United States District Judge